LAWSON, J.
Eric Willis appeals from the trial court’s summary denial of his motion for postcon-viction relief filed pursuant to Florida Rule of Criminal Procedure 3.850. We affirm as to all issues, and write only to address Willis’ claim that his trial counsel misled him as to the amount of time he could spend in prison if he entered a plea to the bench by misadvising him that gain time awards would cause him to serve only 65 percent of any sentence imposed. On appeal, the State essentially concedes error on this point, agreeing with Willis that the record attachments do not conclusively refute the misadvice allegation. However, as found by the trial court, the record attachments do conclusively demonstrate that Willis cannot show prejudice even if he was misadvised as to the lawful gain time accrual rate. As explained in the summary denial order:
[Willis] was clearly aware that he faced a maximum possible penalty of 15 years in the Department of Corrections [if he entered a plea to the bench]. Assuming [Willis’] allegation is true and he believed he would serve only 65% of his prison term, he would expect to serve [up to] 9.75 years [in prison]. However, [Willis] was sentenced to 10 years in the Department of Corrections and must serve at least 85% of his sentence for a term of 8.5 years, which is less than he expected [as a possible term of incarceration upon entering the plea].
We agree with this reasoning.
AFFIRMED.
EVANDER and BERGER, JJ., concur.